THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ALBERT H. MARPLE, PLAINTIFF IN ERROR.

Argued October 1, 1935—Decided November 2, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the plaintiff in error, *Francis J. Smith.*

For the defendant in error, *Samuel P. Orlando.*

LLOYD, J.   Albert H. Marple, plaintiff in error, was indicted for embezzlement of funds in his hands as executor. At the trial the proofs consisted of a stipulation between counsel, from which it appeared that one Daniel Carlin left a will in which he designated Marple as executor and trustee of his estate; that Carlin died in 1909, and that Marple proved the will and entered upon the duties of his office; that Marple filed his account in March, 1934, and that this account showed a balance of $2,588.09; that demand was made for this sum by counsel for the beneficiaries of the estate to whom the balance was due and the demand refused. It was further stipulated that Marple converted all of these moneys to his own use in the years 1926, 1927 and 1928, and that no moneys of the estate came into his hands thereafter.

The indictment was under section 177 of the Crimes act (2 *Comp. Stat., p.* 1797), which provides that "any person who, acting as executor, administrator, assignee, trustee or guardian appointed by any will  *  *  *  shall willfully or fraudulently convert to his own use  *  *  *  or shall fraudu-

lently withhold any moneys, goods, property, &c., * * * whatever belonging to the estate or persons for whose benefit or in whose behalf such executor * * * . may have been appointed," shall be guilty of a misdemeanor.

Marple, though pleading the statute of limitations, was convicted and sentenced to imprisonment. The question is whether this conviction can be sustained.

It is contended by the state that the statute of limitations runs on the embezzlement from the time of demand, but the statute does not make that date the criterion. The test is whether the offense was committed within the two years preceding the finding of the indictment. The stipulation clearly establishes that it was not. Whatever of value there might have been in the filing of the account setting forth a balance as proving that the moneys were then intact, this implication is nullified by the stipulation that it was converted to his own use during the years named.

It will be noted that there are two offenses clearly enacted in the section: one of embezzlement, and the other of withholding the funds from those to whom they may be due, the legislation defining independent wrongs. It was an offense to misappropriate the funds; it was equally an offense to withhold them from the persons entitled to receive them when demand was made. The indictment was for embezzlement alone, and not for withholding as it might have been. It appearing conclusively that the misuse of the moneys was anterior to the two years immediately preceding the finding of the indictment, the pleading of the statute of limitations constituted a bar to further proceedings on that charge, but this would not seem to preclude further indictment for the later offense of withholding.

The judgment is reversed.